BOSTON, Respondent, v. ABRAHAM et al., Appellants. (Supreme Court, Appellate Division, Second Department. April 29, 1904.) Action by John J. Boston against Abraham Abraham and others. No opinion. Motion for leave to appeal to the Court of Appeals denied, and proceedings stayed for ten days to enable appellants to make application to a judge of that court, if so advised.

---

BRADLEY v. CITY OF NEW YORK. (Supreme Court, Appellate Division, First Department. March 18, 1904.) Action by Isaac Bradley against the city of New York. No opinion. Motion granted, with $10 costs.

BRADY et al., Appellants, v. LYON et al., Respondents. (Supreme Court, Appellate Division, Second Department. April 15, 1904.) Action by Thomas Brady and William Hauptmann against Anna E. Lyon and Lillian V. Parker. No opinion. Judgment, so far as appealed from, and order granting extra allowance, affirmed, with $10 costs and disbursements.

---

BRAUN, Respondent, v. STRAUSS et al., Appellants. (Supreme Court, Appellate Division, First Department. April 8, 1904.) Action by Maria W. Braun against Isador Strauss and others. A. C. Cass, for appellants. J. Fettretch, for respondent. No opinion. Order affirmed, with $10 costs and disbursements.

BRESLAR, Respondent, v. NEW YORK CENT. & H. R. R. CO., Appellant. (Supreme Court, Appellate Division, Fourth Department. March 8, 1904.) Action by Joseph Breslar, as administrator of the goods, chattels, and credits of Felix Dakowski, against the New York Central & Hudson River Railroad Company. From a judgment in favor of plaintiff, and from an order denying defendant's motion for a new trial on the minutes, defendant appeals. Reversed. Charles E. Snyder, for appellant. Edwin B. Mitchell, for respondent.

McLENNAN, P. J. Practically the only question presented by this appeal is whether or not the plaintiff established upon the trial that his intestate was free from contributory negligence. On the 19th day of August, 1901, plaintiff's intestate was killed by reason of an explosion of dynamite, which occurred in the roundhouse or building of the defendant, in which plaintiff's intestate was employed. Such explosion was caused by the negligent sorting of dynamite and other combustible material in a building connected with defendant's roundhouse. That the defendant was negligent in storing such material in such building is not disputed. Plaintiff's intestate was an employé of the defendant, engaged in attending to its engines at such roundhouse, and during the night or evening of the accident had charge of such building, and of the building in which the explosives referred to were kept. On the night in question the evidence tends to show that a fire occurred adjacent to the building in which the explosives were stored, and that plaintiff's intestate was engaged in and about the fire. That the fire started while the deceased was in charge of the premises in question is undisputed. How the fire started, whether by procurement of the deceased, or whether he used reasonable diligence to prevent the conflagration, is not disclosed by the evidence. We think the evidence wholly fails to indicate whether or not the deceased used reasonable care or prudence, or in fact any care or prudence, to prevent the fire from starting, or to extinguish it after it had started. In fact, the evidence is quite as consistent with the theory that plaintiff's intestate started the fire, or caused it to be started, as that it was started or caused to be started without his agency. The evidence wholly fails to establish freedom from contributory negligence on the part of the deceased, and we think it is essential, in order to entitle the plaintiff to recover, that such proof should have been made. It is clearly established that the defendant was negligent, and was guilty of maintaining a nuisance; but we think such fact does not relieve the plaintiff from the necessity of establishing that his intestate was free from contributory negligence. In this respect the plaintiff wholly failed to establish his cause of action. We therefore conclude that the judgment and order appealed from should be reversed. Judgment and order reversed upon questions of law only, and a new trial ordered, with costs to the appellant to abide event.

SPRING, HISCOCK, and STOVER, JJ., concur in result, upon the ground that the court erred in charging as he did, and in refusing to charge as requested respecting the liability of the deceased to support his mother in Russia. WILLIAMS, J., dissents.

---

BREY, Appellant, v. AMERICAN MALTING CO., Respondent. (Supreme Court, Appellate Division, Fourth Department. March 29, 1904.) Action by Catherine Brey against the American Malting Company.

PER CURIAM. Judgment affirmed, with costs.

HISCOCK, J., not sitting.

---

In re BRINGOLF. (Supreme Court, Appellate Division, Second Department. April 22, 1904.) In the matter of Catherine Bringolf. No opinion. Judgment affirmed, by default, with costs.

---

In re BROOKLYN BAR ASS'N. (Supreme Court, Appellate Division, Second Department. March 15, 1904.) In the matter of the application of the Brooklyn Bar Association to punish Albert M. Fragner, an attorney. No opinion. An order to show cause will be granted in this case, to be served according to the practice already indicated by this court as proper in other cases of the same character.